## Amy E. Brooks v. The State.

### No. 2597.   Decided June 10, 1903.

**1.—Forgery by Altering Teacher's Certificate—Uttering—Indictment.**

See opinion for counts in an indictment for changing and altering a teacher's certificate, and for attempting to pass and utter the same, which are held good and sufficient.

**2.—Same.**

It is by our statute expressly made an offense to forge or attempt to utter or pass a forged teacher's certificate or diploma. Penal Code, arts. 540a, 542.

**3.—Same—Verdict—Judgment.**

Where the indictment charged both forgery and an attempt to pass a forged teacher's certificate, and the court in its charge only submitted the issue of attempt to pass the forged instrument, and the verdict was a general one, the court properly rendered judgment for "knowingly attempting to pass as true a forged instrument in writing, as found by the jury."

**4.—Exclusion of Testimony—Practice on Appeal.**

Complaint as to the exclusion of testimony can not be reviewed on appeal where there is no bill of exceptions verifying the matter.

**5.—Absence of Statement of Facts—Charge.**

Complaint that the court failed in the charge, to submit certain issues can not be reviewed on appeal in the absence of the evidence adduced.

Appeal from the District Court of Bell. Tried below before Hon. John M. Furman.

Appeal from a conviction of passing a forged teacher's certificate; penalty, two years imprisonment in the penitentiary.

There is no statement of facts in the record.

No briefs on file for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of knowingly passing as true a forged instrument in writing, and her punishment assessed at confinement in the penitentiary for a term of two years. There are four counts in the indictment; one for forgery, and three for passing the forged instrument. The court in his charge merely submitted to the jury the issue of passing a forged instrument.

The second count of the indictment is as follows: That "on or about the 20th day of January, A. D. 1903, Amy E. Brooks did willfully, knowingly and fraudulently attempt to pass as true to one Henry C. Orgain an altered and changed instrument in writing, to wit, a teacher's certificate, which had theretofore been altered and changed without lawful authority, and with intent to defraud, and which had theretofore been issued by authority of E. L. Blackshear, principal, and M. H. Broyles, secretary of the faculty, and F. A. Reichardt, vice president of board, and Jefferson Johnson and P. H. Tobin and William Malone, board of directors of Prairie View State Normal and Industrial College, to Susie A. Brooks, and which said certificate before it was changed and altered was of the tenor following: Second Grade. State of Texas. Prairie View State Normal and Industrial College. Prairie View, Waller County, Texas.—Be it known that Susie A. Brooks having completed the course prescribed by this college has, by good behavior, diligence and attainments, won the approbation of the teachers and board of directors of said school. Therefore they admit Susie A. Brooks to the honor Licentiate of Instruction in the State of Texas. This certificate is valid without further examination for a period of two years from date hereof. In testimony whereof, the principal of the school, the secretary of the faculty, and the board of directors hereunto subscribe their names, this 4th day of June, 1901. E. L. Blackshear, Principal. (Seal.) M. H. Broyles, Secretary of Faculty. F. A. Reichardt, Vice President of Board. Jefferson Johnson, P. H. Tobin, Wm. Malone, Board of Directors;—and which said certificate had theretofore been changed and altered without lawful authority in the following manner, to wit: That said certificate as above set out was issued as aforesaid to Susie A. Brooks, and that the word and name 'Susie,' where the same occurred in said certificate, was theretofore erased, obliterated and blotted out and the word and name 'Amy' had theretofore been substituted, written over and in the place of the name and word 'Susie,' so that the said certificate then and there so attempted to be passed as true by the said Amy E. Brooks was of the tenor following:" Here the certificate is set out as above copied, with the exception that the name "Amy A. Brooks" appears in place of "Susie A. Brooks." And the count further continues: "And which said altered and changed instrument in writing the said Amy E. Brooks then and there well knowing to be so altered and changed, she, the said Amy E. Brooks, did attempt to pass the same as true, with intent to injure and defraud. The said

H. K. Orgain was then and there the superintendent of public instruction for said Bell County, then and there well known as such to the said Amy E. Brooks, and as such superintendent of public instruction it was the duty of the said H. K. Orgain to register the certificates of teachers and to approve contracts made and entered into by and between teachers and trustees of schools in said county, and all of which was then and there well known to said Amy E. Brooks, who then and there attempted to pass said altered and changed teacher's certificate, for the purpose of securing its registration by the said H. K. Orgain and for the purpose of securing his approval of a certain contract theretofore presented to him by the said Amy E. Brooks, and by which contract the said Amy E. Brooks was to become the teacher of St. Philip school, colored, in white· school district number sixty-seven of said county, through its trustees, George Busby, Thad White and William Brown, and which said contract was without force and of no effect until said certificate was registered as aforesaid, and until said contract was approved by said H. K. Orgain as aforesaid, all of which was known to the said Amy E. Brooks, and knowing which, she did attempt to pass said altered and changed instrument as true with intent to injure and defraud."

The third count of the indictment charges the appellant with knowingly attempting to pass as true the alleged forged instrument to "Henry K. Orgain, superintendent of public instruction for Bell County, Texas, through George Busby, Thad White and William Brown, trustees of colored school number four, the same being St. Philip school, colored, in white district number sixty-seven."

The fourth count charges the passing of the forged instrument to "George Busby and Thad White and William Brown, trustees of St. Philip school number four, colored, in white district number sixty-seven in said county and State," etc.

Appellant filed a motion in arrest of judgment insisting that the second, third and fourth counts of the indictment nowhere alleged that the instrument was unlawfully and willfully erased, changed or obliterated; and, in order to make the instrument the subject of forgery, it must have been erased, changed or obliterated; and that if the instrument itself is not the subject of forgery, or if forgery has not been alleged in the indictment, it can not form the basis of a charge of attempting to pass a forged instrument. Further, it is not a violation of law to attempt to pass a teacher's certificate; and the offense attempted to be charged in the indictment is not denounced by the statute. And further complains that the verdict is too general and indefinite to support a valid judgment, in that it can not be determined from said verdict upon what count in the indictment defendant has been adjudged guilty, and of what offense she has been adjudged guilty. The verdict of the jury is as follows: "We the jury find the defendant guilty as charged in the indictment and assess her punishment two years confinement in the penitentiary." Under this verdict the court rendered judgment against appellant for "knowingly attempting to pass as true a forged instru-

ment in writing, as found by the jury." In view of the fact that the court only submitted the passing of the forged instrument in the different counts above recited, and the verdict of the jury being general, we do not think appellant's objection to the form of the verdict is well taken.

Article 540a, Penal Code, makes it an offense to unlawfully or willfully erase, change or alter any teacher's certificate or diploma, or other instrument having the force of a teacher's certificate. In previous articles under title 14, chapter 1, of the Penal Code, we find various other characters of forgery defined. And following these articles, article 542 provides: "If any person shall knowingly pass as true or attempt to pass as true any such forged instrument in writing as is mentioned and defined in the preceding articles of this chapter, he shall be punished by imprisonment in the penitentiary not less than two nor more than five years." In our opinion, this article of the code clearly makes it an offense to attempt to pass as true a forged diploma or teacher's certificate, and that appellant's contention to the contrary is incorrect.

The record is before us without statement of facts. The first ground of the motion for new trial complains that the court erred in excluding certain testimony. But there is no bill of exceptions verifying this matter, and it can not be reviewed. The second, third, fourth and fifth grounds of the motion complain of the action of the court submitting and failing to submit certain issues. These matters can not be reviewed in the absence of the evidence adduced.

The sixth ground of the motion contends that the court erred in failing to require the State to elect upon which count in the indictment it would seek a conviction, "as will more fully appear by reference to bill of exceptions number two." The second bill is reserved to the refusal of the court to give a certain requested charge, and there is no bill in the record presenting the matter referred to in this ground of the motion. There are various assignments of error with reference to the indictment. In our opinion, the indictment is sufficient and is well and properly drawn.

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*